IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Sean Stephen Walker, ) | |
| ) | Civil Action No. 6:12-3399-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| W. Burke Royster, Superintendent, and ) | |
| School District of Greenville County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion to dismiss (doc. 22). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

This action arises from an incident in which the plaintiff's minor son, H.W., was suspended for three days by the administration at Woodmont Middle School, a School District of Greenville County school, after he was involved in an altercation at the school with another student. In an initial complaint filed in state court and timely removed to this court on November 30, 2012, the plaintiff, attempting to represent H.W. *pro se*, alleged the District and defendant W. Burke Royster, District Superintendent, violated H.W.'s constitutional rights by disciplining him with insufficient due process, interfering with his Second Amendment rights, interrogating him in violation of his Fifth Amendment rights, and violating his right to defend himself under state law.

On December 6, 2012, the undersigned issued an order requiring plaintiff Walker to obtain counsel for his son. The defendants then answered the initial complaint on December 7, 2012. The plaintiff did not obtain counsel for H.W. and instead filed his own constitutional claims against the District and Mr. Royster by way of an amended

complaint filed on December 27, 2012.  In his first amended complaint[1], plaintiff Walker changed his original complaint in the following manner: eliminated aspects of the § 1983 claim and demanded punitive damages against the defendants in their "individual and personal capacities" specifically under § 1983; eliminated H.W.'s claim under the Second Amendment and his state statutory "stand your ground" claim; amended his Fifth Amendment claim to replace the allegation that H.W. was interrogated in violation of the United States Constitution with a claim regarding the "right to guide and manage" the education of his child; added a claim under the First Amendment, alleging a due process violation; and modified his original due process claim to allege only his "right to manage and guide" his son's education.  Plaintiff Walker also removed his son's initials from the case caption.

On January 14, 2013, the defendants filed the instant motion to dismiss the plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 22).  By order filed February 1, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion.  On February 4, 2013, the plaintiff filed a motion to amend his first amended complaint (doc. 25).  On February 27, 2013, the plaintiff filed a response in opposition (doc. 32) to the motion to dismiss.  The undersigned denied the plaintiff's motion to amend on March 5, 2013 (doc. 35).[2]  The

---

[1]Pursuant to Federal Rule of Civil Procedure 15(a), the plaintiff was not required to obtain leave of court to amend the original complaint because the first amended complaint was filed within 21 days after service of the defendants' answer.

[2]In the proposed second amended complaint, plaintiff Walker added his son's initials back to the caption of the complaint as a plaintiff.  The proposed second amended complaint also changed the first amended complaint in the following manner: added headings and jurisdictional and venue allegations under 42 U.S.C. § 1983, S.C. Const. art. I, § 22, and S.C. Code Ann. § 59-19-560; rearranged legal references; removed a prayer for declaratory order finding S.C. Code Ann. § 59-65-10(a) unconstitutionally vague; added factual allegations regarding previous disciplinary actions by District personnel at Woodmont and another school; added factual allegations claiming Woodmont is run like a "police-state"; added factual allegations regarding an alleged attempt to appeal to the Board of Trustees under S.C. Code Ann. §§ 59-19-510 and 59-19-560; and

defendants filed a reply to the plaintiff's response to the motion to dismiss on March 11, 2013 (doc. 37).

### APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The defendant argues that the plaintiff's amended complaint fails to state a claim upon which relief can be granted because the plaintiff cannot represent his son in federal court and he has alleged no viable claims of his own. This court agrees.

It is well settled that a *pro se* litigant may not represent another individual or entity in federal court, and a minor plaintiff cannot proceed without counsel in a civil action.

---

removed other allegations entirely. The undersigned found the amendment would be futile as the plaintiff was once again seeking to litigate the claims of his minor son by filing a pleading *pro se* on his son's behalf, which he cannot do. Accordingly, the motion to amend was denied.

*See Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) ("[W]hile ... [Fed.R.Civ.P.] 17 authorizes a conservator or guardian to sue on behalf of a minor child, ... a non-lawyer parent has no right to *represent* a child in an action in the child's name*.")* (emphasis in original); *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court.")*; United States v. Kerner*, 895 F.2d 1159, 1162 n.3 (7th Cir. 1990) (plaintiff generally must assert his own legal rights and interests and cannot rest his claim on the legal rights or interests of third parties); *Gallo v. United States*, 331 F.Supp.2d 446, 448 (E.D. Va. 2004) (mother may not represent daughter *pro se* but must retain lawyer).

In his amended complaint, the plaintiff purports to allege violations of his own constitutional rights resulting from his son's three day suspension.  The plaintiff alleges that "[t]he causes of action alleged herein arise under 42 U.S.C. § 1983…." (amended comp. ¶ 1).  In his statement of facts in the amended complaint, the plaintiff alleges, as he did in his original complaint, that the school administration suspended H.W. for three days for an altercation at school and interviewed him without a guardian present (*id.* ¶¶ 14-15)  He also alleges throughout his amended complaint that the defendants violated "his fundamental parental rights in regards to his ability to guide and manage the education of his minor child" in violation of his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution (*id.* ¶¶ 24, 36, 41)

While "[t]he parental right to shape and direct the life of the child is a fundamental liberty protected by the Constitution," *Baynard v. Lawson*, 76 F.Supp.2d 688, 692 (E.D. Va. 1999) (citing *Planned Parenthood of the Blue Ridge v. Camblos*, 155 F.3d 352, 369 (4th Cir.1998)), courts have repeatedly recognized that parents or other family members do not have a claim in instances where they were only incidentally affected by a state action that actually was directed toward their child or other loved one. *See, e.g., Shaw*

4

v. Stroud, 13 F.3d 791, 805 (4th Cir.1994) (holding that the widow and children of a state trooper who was killed during an arrest had no claim for the loss of love and support under § 1983); Baynard, 76 F.Supp.2d at 695 (holding that parents of student who was sexually abused by a teacher did not have an actionable § 1983 claim because parents' claim was for injury incidental to the constitutional injury their child suffered); Barnes v. Maryland Nat. Capital Park and Planning Com'n 932 F.Supp. 691, 695 (D. Md. 1996) (holding that parents whose child was detained in a heated car on a cold night for two hours had no constitutional claim for deprivation of life, liberty, and property by reason of separation from their child); Willard v. City of Myrtle Beach, S.C., 728 F.Supp. 397, 404 (D.S.C. 1989) (holding that parents whose child was detained in jail cell for four hours after arrest did not have constitutional liberty interest in continued companionship and association with their son such that they could pursue a § 1983 claim in their own right). An incidental injury is one in which the conduct is directed toward the child himself and not the parent-child relationship. Baynard, 76 F. Supp.2d at 694.

In the current case, the plaintiff claims that because he could be held financially responsible for damage from H.W.'s conduct and because he is compelled under state law to cause H.W. to attend school (amended comp. ¶¶ 26-28, 38-39, 43-44), he has been deprived of an interest in guiding and managing the education of his child. In Shaw v. Stroud, in which a widow and child brought a § 1983 claim on their own behalf when their husband and father was killed by a police officer, the Fourth Circuit Court of Appeals stated that "because the Supreme Court has never extended the constitutionally protected liberty interest incorporated by the Fourteenth Amendment due process clause to encompass deprivations resulting from governmental actions affecting family only incidentally, we decline to sanction such a claim at the present time." 13 F.3d at 805. Here, as argued by the defendants, the claims and injuries alleged in the amended complaint relate solely to conduct directed at H.W. - that is, his three day suspension and the due process provided

5

him.  The plaintiff has not alleged any cognizable injury.  Accordingly, he has failed to state appropriate claims of his own upon which relief may be granted.

In his response in opposition to the motion to dismiss, the plaintiff first argues that the motion should be denied because the defendants served him with two copies of the memorandum in support of the motion to dismiss but failed to serve him with a copy of the actual motion (pl. resp. m. to dismiss at p. 13).  He argues that the motion should be denied for failure to comply with Federal Rule of Civil Procedure 5(a)(D), which requires service of a motion on every party.  In their reply, the defendants note that they are unaware of any deficiency in serving the motion on the plaintiff, and they included certificates of service by mail of the motion and memorandum in their electronic filing of the motion to dismiss (*see* docs. 22-2, 22-3).  The defendants further note the plaintiff admittedly received the memorandum in support of the motion, the certificates of service, and the *Roseboro* order and could have inquired with the court or with the defendants' counsel about the motion if it was not received after notice that it had been filed.  The fact the plaintiff did not receive the motion has in no way deprived him of an opportunity to state his arguments, and any unintentional failure by the defendants to provide a copy of the actual motion to dismiss has had no effect on his ability to present his position to the court.  The motion to dismiss consists of one sentence:

> Defendants, W. Burke Royster ("Royster") and the School District of Greenville County ("District"), by and through their undersigned counsel, hereby move this Court, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing Plaintiff's Amended Complaint because it fails to state a claim upon which relief may be granted to him for the reasons set forth in Defendants' Memorandum of Law filed concurrently with this motion.

(Doc. 22).  The memorandum of law in support of the motion to dismiss, which the plaintiff admittedly did receive, reiterates the motion with greater detail and includes the defendants'

6

arguments and citation to the law.  Accordingly, the defendants' unintentional failure to serve the motion on the plaintiff in no way supports denial of the motion to dismiss.

The plaintiff further argues in his response to the motion to dismiss that his complaint states a valid cause of action under 42 U.S.C. § 1983 for violation of due process rights that are due to him under state statutes and the South Carolina Constitution (pl. resp. m. to dismiss at pp. 15-18).  On that basis, he argues that the court should sever and remand all State law claims.  The plaintiff references South Carolina Code of Laws § 59-65-10(a), a compulsory attendance statute, and § 63-5-60(a), a statute providing for the recovery by a school district of damages from the parent of a minor if the minor causes personal injury or property damage.  In his amended complaint, the plaintiff cites these statutes as support for his claim that "he has no choice but to be subject to the laws of the State and that if he is responsible financially for the actions of the child while in State custody at school to then turn around and provide him with no apparent means to help guide the education or welfare of the child while in the custody of the State is a violation of the Plaintiff's Constitutional Rights" (*see* amended comp. ¶¶ 26-29, 38-40, 43-45).

As argued by the defendants, these statutes are irrelevant to this lawsuit and do not provide the plaintiff any private right of action for a three day suspension of his minor son. Further, there is no allegation that the plaintiff has been subject to any penalty related to these statutes.  Based upon the foregoing, the plaintiff's amended complaint does not allege a claim that could or should be remanded to state court.

Lastly, the plaintiff argues that he has standing to bring this action pursuant to South Carolina Code of Laws §§ 59-19-510[3] and 59-19-560[4], which provide for a process

---

[3]This statute provides:

Subject to the provisions of § 59-19-90, any parent or person standing in loco parentis to any child of school age, the representative of any school or any person aggrieved by any decision of the board of trustees of any school district in any matter of local controversy in reference to the construction or administration of the school

7

by which decisions by a local school board may be appealed before a county board of education and then to a circuit court.  To the extent the plaintiff argues that these statutes allow him to litigate his son's claims in this court *pro se*, his argument fails.  *See Myers*, 418 F.3d at 400-401 n.6 (rejecting the plaintiff's argument that he should be allowed to litigate his children's claims in federal court because Virginia law allowed a parent to litigate minor children's claims *pro se* before the Worker's Compensation Commission).  To the extent the plaintiff claims that he has a state law claim under these statutes that should be remanded to state court, such argument fails because the amended complaint alleges no such claim (*see generally* amended comp.).

---

laws or the placement of any pupil in any school within the district, shall have the right to appeal the matter in controversy to the county board of education by serving a written petition upon the chairman of the board of trustees, the chairman of the county board of education and the adverse party within ten days from the date upon which a copy of the order or directive of the board of trustees was delivered to him by mail or otherwise. The petition shall be verified and shall include a statement of the facts and issues involved in the matter in controversy.

S.C. Code Ann. § 59-19-510.

[4]This statute provides:

Any party aggrieved by the order of the county board of education shall have the right to appeal to the court of common pleas of the county by serving a written verified petition upon the chairman of the county board of education and upon the adverse party within ten days from the date upon which copy of the order of the county board of education was mailed to the petitioner. The parties so served shall have twenty days from the date of service, exclusive of the date of service, within which to make return to the petition or to otherwise plead, and the matter in controversy shall be tried by the circuit judge, de novo, with or without reference to a master or special referee.

The county board of education shall certify to the court the record of the proceedings upon which its order was based, and the record so certified shall be admitted as evidence and considered by the court, along with such additional evidence as the parties may desire to present. The court shall consider and dispose of the cause as other equity cases are tried and disposed of, and all parties at interest shall have such rights and remedies, including the right of appeal, as are now provided by law in such cases.

*Id.* § 59-19-560.

8

Accordingly, the plaintiff has failed to allege any claims upon which relief may be granted under state or federal law.  Moreover, based upon the foregoing, the plaintiff's request to amend his complaint to address any deficiencies noted by the court should be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the defendants' motion to dismiss for failure to state a claim (doc. 22) should be granted.

July 22, 2013                                         s/ Kevin F. McDonald
Greenville, South Carolina                 United States Magistrate Judge

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).