IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Sean Stephen Walker, ) | |
| ) | Civil Action No. 6:12-3399-TMC |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| v. ) | |
| ) | |
| W. Burke Royster, Superintendent, and ) | |
| School District of Greenville County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, Sean Stephen Walker ("Walker"), proceeding pro se, brought this action against the defendants alleging violation of certain constitutional rights. (ECF No. 19.) Originally, Walker alleged that the defendants violated his son's constitutional rights by disciplining him with insufficient due process, interfering with his Second Amendment and Fifth Amendment rights, and violating his right to defend himself under state law. However, after the magistrate judge notified Walker that he could not represent his son pro se, he amended his complaint to assert claims on his own behalf for violation of his parental right to guide and manage the education of his child. The defendants have moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure (12)(b)(6). (ECF No. 22.)

Pursuant to 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02(B)(2), this case was referred to a magistrate judge for all pre-trial proceedings. This matter is now before this court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the motion to dismiss. (ECF No. 39.)

Although Walker was advised of his right to file objections to the Report, (ECF No. 39 at 10), he did not file any within the applicable time period. In the absence of objections, this court

is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

In light of the Report's apt analysis, and after a thorough review of the record in this case, the court adopts the Report and incorporates it herein. Therefore, the court grants the defendants' motion to dismiss (ECF No. 22).

**IT IS SO ORDERED**.

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 14, 2013